UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donald N. Dennison,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:19-cv-4508

Judge Michael H. Watson

Chief Magistrate Judge
Preston Deavers

## OPINION AND ORDER

Donald N. Dennison ("Plaintiff") applied for Social Security Disability Insurance and Supplemental Security Income benefits. Compl., ECF No. 1. His applications were denied initially, upon reconsideration, and in a written decision after a hearing by the Administrative Law Judge ("ALJ"). *Id.* The appeals council affirmed the ALJ's decision, which represents the final decision of the Commissioner of Social Security ("Commissioner"). *Id.* On appeal to this court, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's statement of specific errors and affirm the Commissioner's decision. R&R, ECF No. 15.

Plaintiff objects to the R&R, arguing that the Magistrate Judge misunderstood Plaintiff's argument. Obj. 2, ECF No. 16. Plaintiff contends that he argued in his statement of specific errors that the ALJ cherry-picked information from the record to support his conclusion that Plaintiff had no speech

limitations, while ignoring contrary evidence.  He asserts that the Magistrate Judge, however, construed Plaintiff as arguing merely that the ALJ should have weighed the competing record evidence differently.  *Id.*  The Magistrate Judge's misunderstanding of Plaintiff's argument, he says, led the Magistrate Judge to erroneously conclude there was no reversible error.  *Id.*  Plaintiff's objection is overruled for the following reasons.

The issue in this case is whether the ALJ's determination that Plaintiff could perform his past relevant work as a phone dispatcher during the closed period of alleged disability should be reversed.  The relevant work as a phone dispatcher required Plaintiff to speak for 5.3 hours out of an 8-hour workday.  AR, ECF No. 5-2 at PAGEID # 69.

Plaintiff takes issue with the ALJ's conclusion that, despite Plaintiff's recognized symptoms of pain, dry mouth, thick saliva, and loss of teeth, "[t]he record contains no evidence to support the claimant's assertion that he was unable to speak or be understood during this period."  ALJ Dec. 8, ECF No. 5-2 at PAGEID # 47.  Specifically, Plaintiff argues that the ALJ failed to cite or discuss record evidence supporting Plaintiff's testimony regarding his throat pain, saliva abnormality/dry mouth, and loss of teeth before reaching that conclusion.  Obj. 2, ECF No. 16.  The ALJ's failure to discuss that evidence, Plaintiff contends, demonstrates that the ALJ did not consider it, which amounts to reversible error.  *Id.* at 3.

But the medical records Plaintiff cited in his Statement of Specific Errors show only that Plaintiff did report pain, dry mouth, thick saliva, and loss of teeth during the closed period of review.  AR, ECF No. 5-7 at PAGEID ## 449–51, 458, 504, 509, 513, 517, 520, 521, 531, 539, 544, 548, 552, 555, 561, 569, 576–77; *id.*, ECF No. 5-8 at PAGEID ## 631, 641, 673.  The treatment notes do not find a corresponding inability to speak or be understood; nor do they even reflect that Plaintiff complained then of difficulty speaking or being understood as a result of those symptoms.  *See id.*

And the ALJ did not ignore Plaintiff's testimony in the decision; rather, he rejected the testimony due to the lack of objective evidence supporting the notion that pain, dry mouth, thick saliva, and lack of teeth actually resulted in a limitation in speaking or being understood.  ALJ Dec. 6, ECF No. 5-2 at PAGEID # 45 ("the claimant's statements concerning the . . . limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision").  Plaintiff has not pointed to any objective evidence of an *actual difficulty speaking or being understood* that the ALJ ignored and has thus failed to demonstrate that the ALJ "cherry picked" evidence to support his conclusion.  The Court agrees that, ultimately, the only record evidence that the symptoms caused Plaintiff difficulty speaking is Plaintiff's subjective statement and testimony, and Plaintiff simply disagrees with the ALJ's credibility assessment of that statement and testimony.  While the Court may have reached a different conclusion, the ALJ's credibility assessment

was supported by substantial evidence, most notably, the lack of any objective evidence supporting Plaintiff's testimony.  ALJ Dec. 7–8, ECF No. 5-2 at PAGEID ## 46–47 (noting Plaintiff's speech therapy consisted of only swallowing exercises and diet monitoring and stating, "[s]ignificantly, the claimant's speech and language pathology treatment records do not contain any documentation of actual voice/speech therapy, or any notations by the claimant's treating speech and language pathologists that the claimant had any difficulty either speaking or being understood.  Rather, the claimant's therapy focused exclusively on his continuing swallowing difficulties."); *id.* at 9 (explaining that Dr. Carrau's opinion lacked a specific medical basis or functional limitation and was not supported by the objective medical evidence).

Plaintiff's objection is **OVERRULED**.  The Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.  The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

_____
s/Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**